4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| SYLVIA CHOLICK, | { | |
| Plaintiff | { | CIVIL ACTION NO. B-04-044 |
| | { | |
| V. | { | |
| | { | |
| VALLEY BAPTIST MEDICAL CENTER, | { | |
| Defendant | | |

**MOTION TO DISMISS UNDER RULE 12(B)(1) FOR WANT OF JURISDICTION
AND MOTION TO DISMISS UNDER RULE 12(B)(6) FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant VALLEY BAPTIST MEDICAL CENTER ("VBMC") and

files its **MOTION TO DISMISS UNDER RULE 12(B)(1) FOR WANT OF**

**JURISDICTION AND MOTION TO DISMISS UNDER RULE 12(B)(6) FOR**

**FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** and

would show the Court as follows:

### I. Plaintiff's Complaint

The complaint of Plaintiff Syvlia Cholick appears to allege medical negligence and

violation of her civil rights. She alleges that defendant "owed her a duty to exercise ordinary

care" but instead inflicted injuries onto her during care and treatment she received at

defendant's hospital. She also alleges that defendant violated her "Constitutional rights."

ADAMS & GRAHAM, L.L.P.
Defendant Valley Baptist Medical Center's Motion to Dismiss Under Rule 12(b)(1) for Want of Jurisdiction and Motion to Dismiss Under Rule 12(b)(6) for
Failure to State a Claim Upon Which Relief Can Be Granted
[10-fmg] C:\FILES\Scott\V\V734\Motions\Mtn2Dismiss                                                                                    Page 1 of 5

Her complaint does not expressly state the ground(s) upon which she relies for federal court jurisdiction. The complaint does acknowledge that both she and the defendant are residents of Texas.

## II. Plaintiff has not pleaded any jurisdictional grounds

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). There is a presumption that a suit lies outside the jurisdiction of federal courts, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Id.* Parties who seek to invoke the jurisdiction of federal courts have the duty to establish jurisdiction by affirmatively alleging the facts conferring jurisdiction in their complaints. FED. R. CIV. P. 8(a)(1); *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). Lack of subject matter jurisdiction may be found based on the complaint alone. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Plaintiff's complaint in this case does not state any basis for federal court jurisdiction.

## III. No Diversity Jurisdiction

Federal district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states or foreign states. 28 U.S.C.A. §1332(a) (West Supp. 2003). "Citizenship" for purposes of diversity jurisdiction is based on domicile. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). On the face of her complaint, plaintiff acknowledges that she and defendant are citizens of the same state. Plaintiff also fails to allege that the amount in controversy exceeds $75,000. Therefore, no basis for jurisdiction under 28 U.S.C. § 1332(a) is shown.

ADAMS & GRAHAM, L.L.P.
Defendant Valley Baptist Medical Center's Motion to Dismiss Under Rule 12(b)(1) for Want of Jurisdiction and Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted
[10-fmg] C:\FILES\Scott\V\V734\Motions\Mtn2Dismiss                                                    Page 2 of 5

## IV. No Federal Claim and No Federal Question Jurisdiction

Federal district courts have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C.A. § 1331. This has been interpreted to confer federal court jurisdiction where the complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantive question of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 103 S.Ct. 2841, 2856 (1983).

Plaintiff appears to plead two causes of action, medical negligence and violation of Constitutional rights. Medical negligence is a state common law tort and is neither created by federal law nor dependent on resolution of a substantive question of federal law. *See Guilbeaux v. University of Tex. Med. Branch*, 42 F.Supp.2d 637, 641 (E.D.Tex. 1998) (no federal question jurisdiction for medical malpractice claim); *Buerger v. Southwestern Bell Tel. Co.*, 982 F.Supp. 1253, 1255-56 (E.D.Tex. 1997) (same).

Nor does federal law provide any civil redress for violation of constitutional rights by private actors such as Valley Baptist Medical Center. A civil cause of action for deprivation of constitutional rights must involve "state action" by the defendant. *See West v. Atkins*, 108 S.Ct. 2250, 2255 (1988). To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible." *Id.* Defendant is a private hospital. Therefore, there is no "state action" in this case, and plaintiff's allegation of violation of her constitutional rights fails to state a claim upon which relief can be granted.

ADAMS & GRAHAM, L.L.P.
Defendant Valley Baptist Medical Center's Motion to Dismiss Under Rule 12(b)(1) for Want of Jurisdiction and Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted
[10-fmg] C:\FILES\Scott\V\V734\Motions\Mtn2Dismiss                                                                Page 3 of 5

A suit may also be dismissed for want of jurisdiction where the federal claims alleged are made solely for the purpose of obtaining federal jurisdiction, or where the federal claims are wholly insubstantial and frivolous. *Bell v. Hood*, 66 S.Ct. 773, 776 (1946); *Cervantes v. Bexar County Civil Serv. Comm'n*, 99 F.3d 730, 733 (5th Cir. 1996). Any claim against a private actor such as Valley Baptist Medical Center for violation of constitutional rights is wholly insubstantial and frivolous, and, therefore, is subject to dismissal for want of jurisdiction as well as for failure to state a claim upon which relief can be granted.

### V. Prayer

Defendant prays that this motion be granted and that this case be dismissed, and for all other relief to which it is entitled.

Respectfully Submitted,

By:  _____

SCOTT T. CLARK
State Bar No. 00795896
Federal ID No. 21676
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
SClark@adamsgraham.com

Attorneys for Defendant VALLEY BAPTIST MEDICAL CENTER

ADAMS & GRAHAM, L.L.P.
Defendant Valley Baptist Medical Center's Motion to Dismiss Under Rule 12(b)(1) for Want of Jurisdiction and Motion to Dismiss Under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted
[10-fmg] C:\FILES\Scott\V\V734\Motions\Mtn2Dismiss    Page 4 of 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this the _1st_ day of April, 2004, to the following counsel of record and interested parties:

Attorney of Record for Plaintiff Sylvia Cholick, Pro Se:

Ms. Sylvia Cholick, Pro Se                    *CM/RRR 7003 2260 0000 0440 2794*
810 North 21st Street
Harlingen, Texas 78550



_____
SCOTT T. CLARK

ADAMS & GRAHAM, L.L.P.
Defendant Valley Baptist Medical Center's Motion to Dismiss Under Rule 12(b)(1) for Want of Jurisdiction and Motion to Dismiss Under Rule 12(b)(6) for
Failure to State a Claim Upon Which Relief Can Be Granted
[10-fmg] C.\FILES\Scott\V\V734\Motions\Mtn2Dismiss                                          Page 5 of 5