5

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

JUL 1 4 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | § | |
|---|---|---|
| **SYLVIA CHOLICK,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action B-04-044** |
| | § | |
| | § | |
| **BAPTIST HEALTH SYSTEM AND** | § | |
| **VALLEY BAPTIST MEDICAL CENTER,** | § | |
| **Defendant.** | § | |

## ORDER

BE IT REMEMBERED that on July 13, 2004, the Court **GRANTED** Defendant's Motion to Dismiss Plaintiff's Claims [Dkt. No. 4].

### I. **Factual and Procedural Background**

This lawsuit involves alleged violations of federal constitutional rights and state claims for medical negligence. Plaintiff states in her complaint that she was

> Defendant's patient and the Defendant owed her a duty to exercise ordinary care and ordinary information regarding the diagnosis of and treatment of [injuries inflicted upon her during the period of 1998 to the present]. The Defendant intentionally altered, modified, destroyed and/or fabricated Plaintiff's medical records and medical history in violation of Plaintiff's Constitutional rights, and such conduct has proximately caused serious and grievous injuries to the Plaintiff.

Plaintiff's Complaint, at p. 1, ¶ 3 [Dkt. No. 1].

Plaintiff alleges both she and Defendant are residents of Harlingen, Texas. *Id.* ¶ 1. Plaintiff makes no averment concerning the amount in controversy, nor is it possible for the Court to glean such an amount from the complaint. Defendant filed a motion to dismiss for want of jurisdiction and failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(1) & (6). Proceeding pro se, Plaintiff has not filed a response to Defendant's motion.

1

## II. Standard for 12(b) Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss for lack of jurisdiction over the subject matter is proper if the Plaintiff fails to meet her burden in establishing jurisdiction is proper. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted). If a Rule 12(b)(1) motion is filed with other motions to dismiss that are based on the merits of the claim, the Court should first determine the issue of jurisdiction so as to prevent a Court that lacks jurisdiction from prematurely dismissing a claim on the merits. *Id.*

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is "viewed with disfavor and is rarely granted." *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 365 (5th Cir. 2000); *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247(5th Cir. 1997), quoting *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). *See also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

## III. Legal Analysis

Lack of subject matter jurisdiction may be determined based on the complaint alone. *See Ramming*, 281 F.3d at 161. Plaintiff has failed to demonstrate a basis for diversity jurisdiction over her state claims because she has not pled facts that would confer diversity jurisdiction, and Plaintiff admits in her complaint that both she and Defendant are residents of Harlingen, Texas. *See U.S.C.* § 1332(a). Additionally,

Plaintiff's vague assertions of constitutional violations cannot be supported because Valley Baptist Medical Center is a private actor, and Plaintiff has not alleged any facts indicating a constitutional "deprivation [was] caused by the exercise of some right of privilege created by the State . . . or by a person for whom the State is responsible." *West v. Atkins*, 108 S.Ct. 2250, 2255 (1988). At most, Plaintiff has pled facts alleging medical negligence alone with no allegations that the hospital violated her civil rights under the Constitution. *See Guilbeaux v. University of Tex. Med. Branch*, 42 F. Supp. 2d 637, 641 (E.D. Tex. 1998). Plaintiff has not, therefore, triggered this Court's federal question jurisdiction, and this Court cannot exercise supplemental jurisdiction over any state claims that are not supported by independent diversity jurisdiction. Because the Plaintiff is proceeding pro se, the Court makes clear that it is dismissing Plaintiff's state claims for lack of subject matter jurisdiction. Thus, Plaintiff may file her medical negligence claim in a state court with proper jurisdiction.

### IV. Conclusion

The Court **GRANTS** Defendant's Motion to Dismiss [Dkt. No. 4], and **DISMISSES** Plaintiff's state claims for lack of subject matter jurisdiction. The Court **DISMISSES** Plaintiff's federal constitutional claims for failure to state a claim upon which relief may be granted. In light of this order, the initial pretrial conference scheduled for 2:30 p.m. on July 26, 2004, is **CANCELLED**.

DONE at Brownsville, Texas this 13th day of July, 2004

Hilda G. Tagle
United States District Judge