IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 2 7 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| SYLVIA CHOLICK,<br>Plaintiff,<br><br>v.<br><br>BAPTIST HEALTH SYSTEM AND<br>VALLEY BAPTIST MEDICAL CENTER,<br>Defendant. | §<br>§<br>§<br>§<br>§   Civil Action B-04-044<br>§<br>§<br>§<br>§ |

### ORDER

BE IT REMEMBERED that on July 27, 2004, the Court **DENIED** Plaintiff's Motion for Reconsideration ("Motion for Relief from Judgment or Order Under Rule 60(a) and Motion to Alter or Amend Judgment Under Rule 59(a),(b), and (e)") [Dkt. No. 6].

On March 4, 2004, Plaintiff filed a lawsuit in this Court involving alleged violations of federal constitutional rights and state claims for medical negligence. Plaintiff stated in her complaint that she was

> Defendant's patient and the Defendant owed her a duty to exercise ordinary care and ordinary information regarding the diagnosis of and treatment of [injuries inflicted upon her during the period of 1998 to the present]. The Defendant intentionally altered, modified, destroyed and/or fabricated Plaintiff's medical records and medical history in violation of Plaintiff's Constitutional rights, and such conduct has proximately caused serious and grievous injuries to the Plaintiff.

Plaintiff's Complaint, at p. 1, ¶ 3 [Dkt. No. 1]. Defendant Valley Baptist Medical Center filed a Motion to Dismiss, and after consideration of this motion the Court granted Defendant's Motion to Dismiss [Dkt. No. 4], and dismissed Plaintiff's state claims for lack of subject matter jurisdiction. The Court dismissed Plaintiff's federal constitutional claims for failure to state a claim upon which relief may be granted. Because Plaintiff

was proceeding pro se, the Court made clear that it was dismissing Plaintiff's state claims for lack of subject matter jurisdiction, and as such, Plaintiff could file her medical negligence claim in a state court with proper jurisdiction. See Court's July 13, 2004, Order of Dismissal [Dkt. No. 5].

Plaintiff now files a motion in which she references a default dismissal under Rule 55(a), and claims the "mistake of Court's clerical worker in timely providing document [sic] and <u>date</u> of Pre-Trial Conference, which caused confusion to Plaintiff as a Pro Se litigant." Pl's Motion, at p. 1 (emphasis in original) [Dkt. No. 6]. The Court's previous order of dismissal was entered three months after Defendant filed its Motion to Dismiss on April 5, 2004. The Court allowed ample time for Plaintiff to respond to the motion before rendering a decision. Moreover, Defendant included a certificate of service in its motion that contained Plaintiff's correct address. Plaintiff has not argued that she failed to receive Defendant's Motion to Dismiss, and thus could not respond. Furthermore, the Court addressed the merits of the motion and analyzed Plaintiff's complaint, despite the fact that Plaintiff had not filed a response to Defendant's Motion to Dismiss. The Court did not, as Plaintiff asserts, enter a default dismissal. Nor did any alleged confusion surrounding the date of the pretrial conference have bearing on the Court's decision. After review of the case file and Defendant's motion, the Court determined oral argument was not needed to dispose of the motion and dismiss the case. Thus, the Court canceled the pretrial conference.

In light of the above factors, the Court **DENIES** Plaintiff's Motion for Reconsideration [Dkt. No. 6].

DONE at Brownsville, Texas this 27th day of July, 2004

Hilda G. Tagle
United States District Judge